IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15–CV-33-FL

| | | |
|---|---|---|
| MARGARET REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| SETERUS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

In this case initiated by complaint filed by the *pro se* plaintiff in Wake County Superior Court January 20, 2015, and subsequently removed to this court, hearing was held March 2, 2015, on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6), or in the alternative motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (DE 4), and plaintiff's motion for injunctive relief. (DE 9). This memorandum opinion expounds on basis for the court's decision at hearing to grant defendant's motion for a more definite statement in anticipation of plaintiff's further effort properly to obtain service upon defendant, the court having found service ineffective but declining to dismiss the suit now for this reason. It also expounds upon the court's decision to deny plaintiff's motion for injunctive relief, read for this purpose as one for a temporary restraining order.

## COURT'S DISCUSSION

A.  Overview

On January 20, 2015, defendant removed this matter to this court from the Wake County Superior Court, pursuant to 28 U.S.C. §§ 1441. Upon removal, defendant asserted federal question jurisdiction under 28 U.S.C. § 1331, where plaintiff alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1962-1962p, stemming from a mortgage servicing relationship between plaintiff and defendant. On January 27, 2015, defendant filed a motion to dismiss for insufficient process, insufficient service of process, and failure to state a claim upon which relief could be granted, pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b) (5), and 12(b)(6). As an alternative to defendant's Rule 12(b) motions, it also moved for a more definite statement pursuant to Rule 12(e). (DE 4).

On February 11, 2015, plaintiff filed a motion for temporary restraining order, styled as "Motion to Stay." (DE 9). Therein, plaintiff sought to enjoin a pending foreclosure hearing, apparently now scheduled to commence in state court on March 27, 2015, having been continued upon failure of defendant's counsel to attend. The attempted foreclosure stems from a loan for which defendant was servicer. On February 12, 2015, the court set these motions for hearing February 26, 2015; however, due to inclement weather, upon request, hearing was continued until March 2, 2015.

B.  Analysis

Defendant advocates primarily that the court should dismiss the complaint for insufficient service of process, where plaintiff failed to address process to a officer, director, or managing agent of defendant, as required by Federal Rule of Civil Procedure 4(h). This is true. In addition,

2

defendant contends the court should dismiss the complaint for failure to satisfy the Twombly-Iqbal pleading standard.

Also with deference to plaintiff's *pro se* status, the court is not inclined to dismiss the complaint outright, especially where defendant requests in the alternative a more definite statement. Accordingly, plaintiff has 60 days from the date of hearing to refine her pleading and serve the same on defendant properly. The court pointed out defendant's motion may be read as a roadmap for how to accomplish service properly upon the corporate defendant.

As to plaintiff's motion for temporary restraining order, she must establish: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Here, plaintiff has failed to carry her burden. In particular, on the showing made, plaintiff is unlikely to succeed on the merits. Moreover, an injunction issuing from this court against a state official is not in the public interest, where plaintiff has a full and fair opportunity to be heard before the Clerk of Court in Wake County later this month.

Plaintiff earlier had sent materials to the court, the appearance of which is noted on the docket. The court returned those materials to plaintiff at the hearing.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is DENIED WITHOUT PREJUDICE, and defendant's motion for a more definite statement is GRANTED. (DE 4). The court CONSTRUES plaintiff's motion to stay as a motion for temporary restraining order and the same is DENIED. (DE 9). Plaintiff has 60 days within which to effect service of a more

3

Case 5:15-cv-00033-FL   Document 16   Filed 03/04/15   Page 3 of 4

particularized complaint upon this defendant.  In the event foreclosure is authorized, and a sale scheduled, without commenting on likelihood of success, the court notes nothing in this order precludes plaintiff from renewal of a request for injunctive relief.

    SO ORDERED, this the 3rd day of March, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

4