IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15–CV-33-FL

| | | |
|---|---|---|
| MARGARET REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SETERUS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6). (DE 22). Defendant has submitted a memorandum in support of its motion, and plaintiff's time for response has passed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted.

### BACKGROUND

Plaintiff filed suit in in Wake County Superior Court on December 17, 2014. Plaintiff alleges defendant, a mortgage servicing company, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., as well as the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1 et seq.

Defendant removed the case to this court on January 20, 2015, invoking the court's federal question jurisdiction. 28 U.S.C. § 1331. On January 27, 2015, defendant filed a motion to dismiss

the complaint, or, in the alternative, for a more definite statement. In support of its motion to dismiss, defendant argued that plaintiff had not served it properly with both complaint and summons, where the summons was mailed to "Seterus," at its Oregon headquarters. (See DE 1-1, at 8). The court granted defendant's motion for a more definite statement, and gave plaintiff 60 days to file a more particularized complaint and complete service on defendant. (DE 16, at 3).

The operative complaint was entered on the docket on April 6, 2015. (Am. Compl. DE 18). As derived from the amended complaint, in or around 2002, plaintiff purchased a mobile home for approximately $63,000.00. (Id. at 4). Plaintiff financed this transaction by granting Conseco Finance a security interest in the home, as mortgagee. (Id.). Subsequently, plaintiff refinanced the loan with Green Point Mortgage, granting it a security interest in the home as mortgagee and extinguishing Conseco Finance's interest. (Id.). Later, defendant became the loan servicer. (Id.). On January 26, 2015, defendant initiated foreclosure proceedings, which currently are pending before the Wake County, North Carolina, Clerk of Court, with hearing scheduled for May 29, 2015. (Id. at 1-2).

The amended complaint contains a number of new and various causes of action against defendant, including, violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; violation of the FDCPA, 15 U.S.C. § 1692 *et seq.*; violation of "North Carolina HB 654," Homeowner/Homebuyer Protection Act; breach of contract; breach of the implied covenant of good faith and fair dealing; and unjust enrichment. Plaintiff also asserts two causes of action for unjust enrichment and aiding and abetting against "Argent," who is not a party to this litigation.[1]

---

[1] To the extent plaintiff seeks recovery from "Argent," those claims are DISMISSED, where plaintiff has failed to allege any facts supporting Argent's involvement in the alleged mortgage fraud scheme detailed more specifically in the amended complaint.

Plaintiff's amended complaint was served on defendant's counsel electronically. In response to plaintiff's amended complaint, on April 24, 2015, defendant filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6), for insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. (DE 22). Defendant contends plaintiff has yet to serve it properly with summons, and that plaintiff's claims either fail as a matter of law as pleaded, or are not supported by sufficient facts. On May 18, 2015, plaintiff's response deadline passed with no filing by plaintiff.

## COURT'S DISCUSSION

A.      Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir.1999). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual

enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

Defendant contends plaintiff's complaint is both legally insufficient and fails to plead sufficient facts under the plausibility pleading standard. The court agrees. Plaintiff's complaint must be dismissed, because plaintiff has not pleaded sufficient facts from which the court can infer any misconduct by defendant.

Plaintiff's federal statutory claims under RESPA, 12 U.S.C. § 2605, and the FDCPA, 15 U.S.C. § 1692 et seq., fail because plaintiff has not pleaded sufficient facts to satisfy the prima facie elements of those causes of action. For example, plaintiff contends defendant violated RESPA by failing comply with its statutory duties, triggered upon receipt of a "qualified written request" sent to defendant by her. See 12 U.S.C. § 2605(e).

"Qualified written request" is a term of art, defined as:

a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

Id. § 2605(e)(2). Because only a narrow range of communications are "qualified written request," to state a claim for relief under RESPA plaintiff must plead facts illuminating the content of any correspondence sent to defendant and demonstrating that such correspondence indeed was a "qualified written request." See Ward v. Security Atl. Mortg. Elec. Registration Sys., Inc., 858 F. Supp. 2d 561, 574-75 (E.D.N.C. 2012) (requiring plaintiff prove that written correspondence was a request for information related to the servicing of the loan); see also Fedewa v. J.P. Morgan Chase

4

Bank, Nat'l Assn'n, 921 F. Supp. 2d 504, 510-11 (E.D. Va. 2013). Here, plaintiff not pleaded any facts from which the court can ascertain the content of her communications with defendant. Without knowledge of the content, the court cannot determine that plaintiff's correspondence actually was a "qualified written request," and her RESPA claim must be dismissed.

Likewise, plaintiff's FDCPA claim must be dismissed. To state a claim under the FDCPA plaintiff must allege: 1) she was the object of a collection activity arising from a "consumer debt"; 2) defendant is a "debt collector"; and 3) defendant engaged in an act prohibited, or failed to take some action required, by the FDCPA. See Campbell v. Wells Fargo Bank N.A., No. 5:13-CV-785-D, 2014 WL 5471911, at *2 (E.D.N.C. Oct. 22, 2014); see also Boosahda v. Providence Dane LLC, 462 F. App'x 331, 333 (4th Cir. 2012).

> A "debt collector" is any person or corporation who:
>
> uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). However, not every person engaged in the business of collecting debt qualifies as a "debt collector." In particular, "any person collecting or attempting to collect . . . a debt which was not in default at the time it was obtained by such person" is not a "debt collector", and may not be sued under the FDCPA. Id.; Campbell, 2014 WL 5471911, at *2.

Here, plaintiff contends defendant is a debt collector solely because it identified itself as such. Plaintiff, however, does not plead any additional facts supporting the inference that her debt was in default at the time defendant began servicing her loan. In fact, the complaint suggests plaintiff's first notice of default came well after defendant assumed its responsibilities as loan

5

servicer. Thus, plaintiff's second cause of action also is insufficient to survive a Rule 12(b)(6) challenge.

Plaintiff's state law claims also fail. Plaintiff's third cause of action, violation of the North Carolina "Homeowner/Homebuyer" Protection Act, fails for two reasons. First, the wrongful actions suggested by plaintiff are not subject to redress under the North Carolina "Homeowner/Homebuyer Protection Act," codified N.C. Gen. Stat. §§ 47G-1 through -7; 47H-1 through 8; 75-120 & -121. Second, the complaint does not contain any facts that explain or give context to defendant's alleged pattern of "misleading deceptive acts and practices."

Similarly, plaintiff's breach of contract claim fails. A claim for breach of contract requires a plaintiff to show "the existence of a contract between plaintiff and defendant, the specific provisions breached, [t]he facts constituting the breach, and . . . damages resulting to plaintiff from such breach." Cantrell v. Woodhill Enterprises, Inc., 273 N.C. 490, 497 (1968); see also Morgan's Ferry Prods., LLC v. Rudd, 18 F. App'x 111, 112 (4th Cir. 2001) ("Under North Carolina law, a breach of contract claim must allege that a valid contract existed between the parties, state that defendant breached the terms thereof, explain the facts constituting the breach, and specify the damages resulting from such breach."). Although plaintiff suggests defendant, as her mortgage servicer, violated the terms of her mortgage agreement by initiating foreclosure proceedings, an action allegedly reserved for the "Lender alone," (Am. Compl., at 8), plaintiff does not plead any facts to suggest defendant was not the "Lender," or that defendant did not assume the Lender's rights at the time the note was assigned to it.

Turning next to plaintiff's fifth cause of action, breach of the implied covenant of good faith and fair dealing, under North Carolina law a covenant of good faith and fair dealing is implied in

6

every contract. Bicycle Transit Auth. v. Bell, 314 N.C. 219, 228 (1985). It requires all parties to a contract "act upon principles of good faith and fair dealing to accomplish the purpose of an agreement." Maglione v. Aegis Family Health Ctrs., 168 N.C. App. 49, 46 (2005). Each party to the contract must "adhere to the presuppositions of the contract for meeting this purpose." Id. Claims for breach of contract and breach of the covenant of good faith and fair dealing are legally distinct. Richardson v. Bank of Am. N.A., 182 N.C. App. 531, 556 (2007). Here, plaintiff has not alleged sufficient facts to show that defendant's conduct worked to undermine the purpose of the mortgage agreement. Rather, plaintiff's complaint conclusorily states that defendant failed to comply with the terms of the agreement, instead of showing how defendant failed to comply. Moreover, plaintiff's claim makes no sense in the posture of this case, because plaintiff alleges defendant was required to ensure the entities to which it sold its servicing rights complied with the terms of the note. However, plaintiff never alleges defendant sold its servicing rights.

Finally, plaintiff's unjust enrichment claim fails. Unjust enrichment and *quantum meruit* are equitable remedies based upon a quasi contract, or a contract implied in law. Ron Medlin Const. v. Harris, 364 N.C. 577, 580 (2010). "If there is a contract between the parties the contract governs the claim and the law will not imply a contract." Booe v. Shadrick 322 N.C. 567, 570 (1988). Thus, the existence of an express contract precludes recovery for unjust enrichment and in *quantum meruit*. Paul L. Whitfield, P.A. v. Gilchrist, 348 N.C. 39, 42 (1998) ("Only in the absence of an express agreement of the parties will courts impose a quasi contract or a contract implied in law in order to prevent an unjust enrichment."); Booe, 322 N.C. at 570. Here, plaintiff explicitly alleges the existence of a contract. Although Federal Rule of Civil Procedure 8(d) allows parties to plead claims in the alternative, plaintiff has failed to do so. Plaintiff's unjust enrichment claim expressly

7

incorporates all other allegations made in the complaint, which include the existence of an alleged contract.

In sum, plaintiff's complaint is devoid of facts, and must be dismissed. Throughout the complaint, plaintiff avers that defendant violated myriad statutory provisions and common law precepts. However, plaintiff's allegations of misconduct are legal conclusions without factual embellishment. As such, each allegation lacks the necessary factual support to survive a motion to dismiss. Because the court resolves defendant's motion under Rule 12(b)(6), the court need not address defendant's arguments made under Rules 12(b)(4) and 12(b)(5).

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss for failure to state a claim upon which relief can be granted, (DE 22), is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of May, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

8

Case 5:15-cv-00033-FL   Document 25   Filed 05/20/15   Page 8 of 8